IN THE MATTER OF C. DAVID WITHERINGTON, AN ATTORNEY AT LAW.

January 21, 1982.

*Richard L. Bland, Jr.* argued the cause for the District V Ethics Committee.

Neither the respondent nor his attorney appeared and the latter advised the Disciplinary Review Board by telephone that the respondent waived his right to appear.

## ORDER

This matter coming before the Court on an order to show cause why C. DAVID WITHERINGTON of Caldwell should not be disbarred or otherwise disciplined; and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board recommending that the respondent be disbarred is hereby adopted; and it is further

ORDERED that C. DAVID WITHERINGTON be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that C. DAVID WITHERINGTON be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that C. DAVID WITHERINGTON reimburse the Administrative Office of the Courts for the cost of all stenographic transcripts in this matter.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District V Ethics Committee. At the time of the hearing before the District Ethics Committee, two complaints against the respondent were withdrawn by the individual complainants. One was the complaint of Jean McCann, a beneficiary of the Estate of Josephine Peer. The *Peer* defalcation was incorporated in the *Cowen v. Witherington* complaint based on one of the counts of the criminal indictment against respondent and therefore duplicative. The second complaint where withdrawal was permitted was filed by Barbara Lee Sandusky whose allegations related to failure to properly administer her father's estate. Ms. Sandusky declined to appear after receiving satisfaction from the Clients' Security Fund. A third matter was dismissed by the Committee following a hearing and no appeal was sought by the complainant. Also, two complaints were consolidated to form the basis of the instant matter.

Respondent admitted that in his capacity as an attorney-at-law and a fiduciary, he misappropriated, misapplied and embezzled trust funds coming into his possession in the following matters and in the following estimated amounts:

1. Estate of Evald H. Milkop ............... $25,000.00
2. Estate of Josephine Peer ................ 23,000.00
3. Elsie Cote (matrimonial) ................. 17,500.00
4. Josephine Indano (matrimonial) ........... 8,000.00
5. Irwin LePow (matrimonial) .............. 2,500.00

As of August 13, 1981, the Clients' Security Fund of the Bar of New Jersey has settled claims against respondent according to the following list:

Ms. Josephine Indano ..................... $ 9,131.88
Ms. Elsie R. Cote ........................ 15,000.00
Ms. Patricia O'Brien, Executrix
Estate of Joseph M. Peer .................. 20,171.00
Mr. and Mrs. Ralph L. Leyrer, Jr. ............. 8,640.60
Mr. Donald Canter ....................... 3,933.00
Ms. Zigrida LePow ....................... 3,500.00

Mr. Richard Musso ........................ 1,500.00
Mrs. Barbara Lee Sandusky ................ 1,000.00
    AND
Mr. Thomas B. Ryan
    AND
Major Dennis M. Ryan

Two additional claims are pending including a claim on behalf of the Estate of Milkop. The Clients' Security Fund has indicated that respondent has not made any reimbursement to the Fund.

Additionally, respondent was indicted by the Essex County Grand Jury on five counts of embezzlement in violation of N.J.S.A. 2A:102–5. This was based upon respondent's foregoing misappropriation, misuse and embezzlement of trust funds as set forth in numbers 1 through 5 above. Respondent pleaded guilty to each count of the five (5) count indictment. On March 21, 1979 respondent was sentenced to New Jersey State Prison for not less than two (2) years nor more than three (3) years on Count I. On Count II through Count V respondent was sentenced to concurrent two to three year terms, which sentences were suspended and respondent was placed on probation for two years following his release from State Prison. Respondent has served his term of imprisonment.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusion of the Committee, in finding unethical conduct on the part of the respondent, is fully supported by clear and convincing evidence. The undisputed facts are that respondent, acting as an attorney-at-law of the State of New Jersey, misappropriated more than $60,000 held in trust by him for his clients. Furthermore, respondent was indicted and pleaded guilty to five counts of embezzlement in violation of N.J.S.A. 2A:102–5. Thus, there is conclusive evidence of respondent's guilt. *In re Mirabelli*, 79 *N.J.* 597 (1979). Respondent's actions evidence a complete disregard for the duties and responsibilities of an

attorney-at-law of this State. The type of conduct demonstrated by respondent cannot be permitted, and requires decisive action in order that the public be protected from further serious transgressions, *In re Wilson*, 81 *N.J.* 451 (1979).

The Board therefore recommends that the respondent be disbarred. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD